CASE 31—PETITION  EQUITY—JANUARY 31.

# Rudd, &c., v. Ford.

APPEAL FROM DAVEISS CIRCUIT COURT.

LANDLORD AND TENANT—RIGHT OF SUB-TENANT TO EXEMPTIONS.—A sub-tenant who enters under a tenant who holds for a term not exceeding a year is entitled, as against the claim of the landlord upon the original tenant, to the exemption allowed by section 1 of the act of May 17, 1886, which specifies the property which shall be exempt from "execution, attachment, distress or fee-bill." Even if the statute is to be understood as applying only between debtor and creditor, the sub-tenant, when the original landlord attempts to seize his property for the rent, occupies the relation of debtor within the spirit of the statute.

WILFRED CARRICO FOR APPELLANTS.

The sub-tenant is not the debtor of the landlord, and is, therefore, not entitled to the exemptions allowed by the statute.

W. T. ELLIS FOR APPELLEE.

The sub-tenant is entitled to exemptions. (Patterson v. Mosby, MS. Op., by Judge Cofer, 1880.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The appellant, J. C. Rudd, rented certain lands to one Allen for one year. The rent was payable on January 30, 1888, which was the end of the term. Allen, without the knowledge of Rudd, sub-let a small part of the land to the appellee, J. W. Ford, who cultivated it in tobacco, Allen to get one-half of it as rent. The crop was sold, and removed from the premises on and shortly prior to January 14, 1888. January 30, 1888, the purchasers, Jay Hardy & Co., disregarding the protests of Ford, paid the proceeds to Rudd upon his rent, he having indemnified them in doing so. Ford was a housekeeper, his family consisting of himself, wife and eight children. He had no property, save his part of the tobacco or its proceeds.

The lower court held that Rudd, as landlord, had a lien upon the tobacco or its proceeds, but that it was subject to a claim by Ford under the exemption law. The amount allowed the latter does not exceed what he is entitled to as an exemption, if his case comes within the statute, and the only question necessary to be considered is, whether a sub-tenant who enters under a tenant who holds for a term not exceeding a year is entitled to the exemption allowed by section one of the act of May 17, 1886 (General Statutes, page 571), as against the claim of the landlord upon the original tenant. It says:

"The following property shall be exempt from execution, attachment, *distress* or fee-bill, namely : * * * * all wearing apparel, sufficient provisions, including breadstuff and animal food, to sustain the family for one year. If not on hand, other personal

property, *money* or growing crop, not to exceed forty dollars in value for each member of the family." * * * *

The statute relative to landlord and tenant provides that the personal estate of a sub-tenant found on the rented premises shall be liable to distraint by the landlord, and that he shall have "a superior lien on the produce of the farm or premises rented, on the fixtures, on the household furniture and other personal property of the tenant, or under-tenant, owned by him after possession is taken under the lease; but such lease shall not be for more than one year's rent due or to become due, nor for any rent which has been due for more than one hundred and twenty days." (General Statutes, chapter 66, article 2, section 13.)

The exemption statute applies, however, as against the landlord's lien. He can not seize for his rent the property which is exempt to the tenant. The lien is subordinate to this right of the latter. The statute relating to landlord and tenant expressly says:

"Property exempted from execution shall be also exempted from distress or attachment for rent, except for money or property furnished the tenant by the landlord for the purpose of enabling the tenant to subsist, or to raise his crop, for which the landlord shall have a lien on the whole crop of the tenant raised on the leased or rented premises." (General Statutes, chapter 66, article 6, section 5.)

It is said, however, that the exemption statute only applies as between debtor and creditor; that the subtenant is not the debtor of the original landlord, and that, therefore, he can not claim the exemption as

against  him.    Our  statute  does  not  use  the  word
"debtor;"  but,  conceding  that  an  exemption  ordi-
narily  applies  to  the  relation  existing  between  cred-
itor  and  debtor,  yet  does  not  the  sub-tenant,  when
the  original  landlord  attempts  to  seize  his  property
for  the  rent,  occupy  the  relation  of  debtor  within  the
spirit  of  the  statute ?    It  was  enacted  for  humane
purposes ;  the  intended  policy  is  to  be  considered,  and
it  is  to  be  liberally  construed  in  furtherance  of  the
spirit  and  policy  which  led  to  its  adoption.    The
word  "debtor,"  in  its  broad  sense,  implies  liability,
and  if  our  exemption  statute  is  taken  as  having  been
enacted  with  the  view  that  the  words  "creditor"  and
"debtor"  were  to  be  understood,  although  not  used,
then,  in  view  of  the  purpose  and  spirit  of  the  law,
they  should  be  given  their  broadest  meaning.    It  is
a  stern  statutory  rule  which  makes  the  property  of
the  sub-tenant  liable  for  the  rent  owing  to  the  orig-
inal  landlord,  and  the  latter  can  not  well  complain  if
another  statutory  provision,  enacted  for  a  benevolent
purpose  and  dictated  by  a  proper  policy,  exempts  cer-
tain  property  from  liability  to  his  claim.    The  law
has  provided  him  with  a  remedy  ample  for  his  pro-
tection.    He  may,  if  the  lease  be  not  for  a  longer
term  than  two  years,  dispossess  the  occupant  if  the
tenant  sub-lets  the  premises  without  his  written  con-
sent.

The  case  before  us  is  not  like  one  where  the  land-
lord's  lien  has  attached,  and  then  a  sale  is  made
of  the  property.    In  such  a  case  he  may,  of  course,
follow  it  in  the  hands  of  the  vendee,  and  subject  it
to  his  lien,  if  he  does  so  within  the  period  prescribed

by the statute; and this was the case presented in Eberhart's Appeal, 39 Pa. St., 509. Moreover, the statute under which the exemption was there claimed expressly used the term "debtor. Here, however, the property, or its proceeds, which is sought to be subjected, always belonged to the sub-tenant. It is true it was raised upon the rented land, but the superior lien given to the original landlord as to it is subject to the tenant's right of exemption. The statute also gives the landlord a superior lien on the household furniture and other personal property of the tenant and sub-tenant owned by him after possession is taken under the lease; but suppose a sub-tenant has but one horse or one table, both of which are exempt by the statute, will it be contended that the original landlord would distrain them for the reason that, in the strict meaning of the terms, the relation of creditor and debtor does not exist between him and the sub-tenant? Equal reason exists for the right to do so, if the property or its proceeds now claimed as exempt is not so; and thus the sub-tenant may be stripped of all his exempt property, and his family left utterly destitute. Such a construction would defeat the humane purpose of the statute, and the spirit of it does not admit of such an interpretation. (Patterson v. Mosby, MS. Opin., Court of Appeals, April 15, 1880.)

The lien of the landlord in a case like this one does not attach to the property prior to the vesting of the right to it in the sub-tenant; and, therefore, while the statute gives the former a lien upon it, yet it is subject to the statutory right of the latter to his proper exemption, because in case of distraint the statute

expressly provides that it shall be subject to any existing exemption right.

A proper construction of the statute requires that whenever the landlord in a case like this one attempts to subject the property of the sub-tenant to his claim for rent, whether that property be the crop raised by the sub tenant upon the land or otherwise, he is entitled to the statutory exemption, because his property is sought to be made liable, and as against that liability the exemption is allowed.

The judgment below conformed to this view, and it is, therefore, affirmed.